14-1702-cv
*State of NY v. Adamowicz et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fifteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
CHRISTOPHER F. DRONEY,
       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK,
       *Plaintiff-Counter Defendant-Appellee,*

       -v.-                                          No. 14-1702-cv

DEBORAH M. ADAMOWICZ, in her capacity as preliminary executor
of the estate of Michael Adamowicz III, Ph.D. et al.,
       *Defendants-Cross Defendants-Counters Claimants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANTS:**                RALPH A. HUMMEL, (Theodore W. Firetog, Farmingdale, NY, Robinson & Associates, P.C., Syosset, NY *on the brief*) Woodbury, NY.

**FOR APPELLEE:**                ANDREW W. AMEND (Barbara D. Underwood, Anisha S. Dasgupta, *on the brief*), Office of the Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

1

Appeal from a July 21, 2014 judgment of the United States District Court for the Eastern District of New York (Tucker L. Melançon, *Judge*, of the United States District Court for the Western District of Louisiana, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 21, 2014 judgment of the District Court is **AFFIRMED**.

The State of New York filed suit against appellants, owners of a property on Long Island, as well as other defendants (collectively, the "defendants") for recovery of its environmental cleanup costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq*. The District Court (Sandra L. Townes, *Judge*) granted summary judgment for the State on the issue of defendants' liability but held that defendants were entitled to a trial regarding the State's cleanup costs. Following a bench trial on damages, the District Court (Tucker L. Melançon, *Judge*) entered a final judgment ordering defendants to pay $6,731,096.17 to the State for its response costs, as well as requiring them to cover the State's future response costs associated with appellants' property.

On appeal, appellants contend that the District Court erred in concluding that there was no genuine factual dispute as it related to their statutory defense of third-party liability. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*, drawing all reasonable factual inferences in the non-moving party's favor. *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 410 (2d Cir. 2015) (per curiam).

Congress enacted CERCLA to create a "broad remedial statute designed to enhance the authority of the EPA to respond effectively and promptly to toxic pollutant spills that threatened the environment and human health." *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1197 (2d Cir. 1992). As CERCLA is a remedial statute, it must be "construed liberally to effectuate its two primary goals: (1) enabling the [Government] to respond efficiently and expeditiously to toxic spills, and (2) holding those parties responsible for the releases liable for the costs of the cleanup." *Id.* at 1198.

2

In the case at hand, appellants do not dispute that their property falls within CERCLA's domain, that their property was contaminated, that the financial costs incurred by the State to remediate that contamination qualified for reimbursement, or that the District Court properly calculated the amount of those costs. Appellants only challenge the District Court's grant of summary judgment as it relates to their affirmative defense under 42 U.S.C. § 9607(b)(3).

Section 9607(b)(3) sets forth a limited affirmative defense from liability under CERCLA. An otherwise liable defendant can seek shelter under this limited defense if he can establish that the release of a "hazardous substance and the damages resulting therefrom were caused solely by . . . an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant." 42 U.S.C. § 9607(b)(3). The defendant also must establish that "(a) he exercised due care with respect to the hazardous substance concerned . . . in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions." *Id.*

Appellants' main argument is that the contamination was caused not by their tenant, National Heatset Printing Corp. ("NH"), but by contractors removing NH's printing presses. Importantly, appellants allege that this all occurred at a time when NH's bankruptcy filing severed NH's contractual relationship with the appellant.

We agree with the District Court that appellants fail to meet their burden in establishing a genuine factual dispute as it relates to their affirmative defense. As an initial matter, vague assertions about the possibility that unidentified contractors caused the contamination does not create a triable issue. Moreover, even if we accept appellants' unsubstantiated argument regarding the source of the contamination, it still falls short of establishing the last two elements required to raise an affirmative defense: that they demonstrated due care and took proper precautions. As to these, there was no genuine factual dispute that appellants had knowledge of NH's operations and authority over and access to the property being contaminated. It thus cannot be said that appellants "took all precautions with respect to the particular waste that a similarly situated reasonable and prudent person would have taken in light of all relevant facts and circumstances." *N.Y. v. Lashins Arcade Co.*, 91 F.3d 353, 361 (2d Cir. 1996) (internal quotation marks omitted).

## **CONCLUSION**

We have considered defendant's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the July 21, 2014 judgment of the District Court.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court